**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES LANDINI and KAELA
MARIE PERRY,

      Plaintiffs,

v.                                            Case No:   6:23-cv-273-WWB-LHP

CIRCLES OF CARE, INC.,

      Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT CIRCLES OF CARE, INC.'S MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 16)
>
> **FILED:** May 18, 2023
>
> ---
>
> **THEREON** it is **ORDERED** the motion is **GRANTED in part and DENIED in part**.

## I.  BACKGROUND.

On February 16, 2023, Plaintiffs James Landini and Kaela Marie Perry, on behalf of themselves and all others similarly situated, filed a putative class action complaint against Defendant Circles of Care, Inc.  Doc. No. 1.[1]  The Court *sua sponte* dismissed the complaint as a shotgun pleading, and permitted Plaintiffs to amend.  Doc. No. 7.  Plaintiffs filed an amended complaint on March 3, 2023, which is their operative pleading.  Doc. No. 8.  In sum, the amended complaint is premised on a breach of Defendant's data servers on September 6, 2022, through which third-party hackers obtained sensitive personal identifying and protected health information of approximately 61,170 of Defendant's patients.  *Id.* ¶¶ 1–2.  Plaintiffs bring this class action "to secure redress against [Defendant] for its reckless and negligent violation of their privacy rights" because Defendant "did not obtain its patients' consent before allowing their information to be accessed and exfiltrated by unauthorized third-party hackers."  *Id.* ¶¶ 3–4.

The amended complaint contains the following six claims:  violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq. (Count I); negligence (Count

---

[1] Plaintiffs first filed the complaint in the Southern District of Florida on January 31, 2023, but voluntarily dismissed that case on February 16, 2023.  Doc. No. 16-1.  *See Landini v. Circles of Care, Inc.*, No. 0:23-cv-60191-AHS, Doc. Nos. 1, 7 (S.D. Fla.).  The complaint filed in the Southern District did not contain a claim under the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, a claim which is raised in the present case.  *See* Doc. No. 1.

II); breach of implied contract (Count III); quasi-contract/unjust enrichment (Count IV); breach of fiduciary duty (Count V); and violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. (Count VI).  *Id.* at 7–138.  The amended complaint further defines the proposed class of Plaintiffs as:

> All persons residing in the United States of America who received a data breach notice informing them that their PHI/PII had been breached by unauthorized third parties as a result of Circles of Care, Inc.'s data breach.

*Id.* ¶ 72.

At least two putative class actions have also been filed in Florida state court regarding the September 6, 2022 breach of Defendant's data servers.  *See* Doc. No. 16-2.  The first, *Phelps v. Circles of Care, Inc.*, No. 05-2023-CA-010840-XXXX-XX, was filed on January 5, 2023.  The second, *Spears v. Circles of Care, Inc.*, No. 05-2023-CA-012693-XXXX-XX, was filed on January 20, 2023.  *See id.*  On the parties' motions, these two matters were ordered consolidated, and the matter is proceeding in *Phelps v. Circles of Care, Inc.*, No. 05-2023-CA-010840-XXXX-XX, by consolidated class action amended complaint filed on May 16, 2023 in the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida.  *See* Doc. No. 16-3.[2]

---

[2] Brevard County court records are also publicly available online, *see* http://brevardclerk.us/case-search.

Plaintiffs here are not the same named plaintiffs in the state court matters. *Compare* Doc. No. 8, *with* Doc. No. 16-3.  Nor is counsel for the named plaintiffs the same in both matters.  *Id.*  However, the state court class actions are brought against the same Defendant, the state court actions arise from the same September 6, 2022 data breach and the stolen information of approximately 61,170 of Defendant's patients, and the consolidated class action complaint raises four of the same claims raised in the case before this Court: negligence (Count I); breach of implied contract (Count II); breach of fiduciary duty (Count III); and violation of the Florida Deceptive and Unfair Trade Practices Act (Count IV).  Doc. No. 16-3, at 30–42.  The consolidated class action complaint further defines the proposed class as:

> All individuals whose PII and/or PHI was obtained or potentially obtained in the data breach that is the subject of the notice that Defendant sent to Plaintiffs and Class Members on or around December 29, 2022 (the "Nationwide Class").

*Id.* ¶ 137.

Now, by the above-styled motion, Defendant asks this Court to stay this case pending the outcome of the consolidated state court class actions pursuant to the principles articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  Doc. No. 16.  Alternatively, if the Court denies the stay, Defendant requests an extension of time to file a responsive pleading.  *Id.* at 13.  Plaintiffs oppose.  Doc. No. 19.  The matter has been referred to the undersigned,


and it is ripe for review. For the reasons discussed herein, Defendant's request for a stay pursuant to *Colorado River* will be denied, and the alternative request for an extension of time granted.

**II.    ANALYSIS.**

"A variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000). "A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Id.* (citing *Clinton v. Jones,* 520 U.S. 681 (1997)). "And, in some cases, a stay might be authorized also by principles of abstention." *Id.* (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)).

Defendant here invokes the *Colorado River* doctrine of abstention, Doc. No. 16, "under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, [and which] is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004) (quoting *Colorado River,* 424 U.S. at 813). The *Colorado River* analysis applies when parallel federal and state proceedings "involve substantially the same parties and substantially the same issues." *Id.* at 1330. The federal and state proceedings need not, however, contain identical parties, issues, and requests for relief. *Id.*

Pursuant to *Colorado River*, there are six factors this Court must weigh in analyzing whether abstention is appropriate when there are parallel federal and state proceedings: "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Id.* at 1331 (citing *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990)). Moreover, the Court may consider "the vexatious or reactive nature of either the federal or the state litigation" in deciding whether abstention under *Colorado River* is warranted. *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)). Finally, the Court also may consider "whether the concurrent cases involve a federal statute that evinces a policy favoring abstention." *Id.* (citing *Colorado River*, 424 U.S. at 819).[3] These factors are to be applied flexibly and pragmatically, and no one factor is necessarily dispositive. *Id.* at 1331–32.

---

[3] As conceded in Defendant's motion, the final consideration is not relevant to the present dispute, as the federal statute at issue in this case, the Stored Communications Act, does not address abstention. *See* Doc. No. 16, at 12 n.3. Thus, this policy consideration is not further addressed herein.

A.     Parallel Proceedings.

"Before embarking on a *Colorado River* analysis, the Court must first determine whether the state and federal cases are truly parallel proceedings." *O'Dell v. Doychak*, No. 6:06-cv-677-Orl-19KRS, 2006 WL 4509634, at *6 (M.D. Fla. Oct. 20, 2006) (citing *Ambrosia Coal*, 368 F.3d at 1330).  "Parallel proceedings do not have to involve identical parties, issues and requests for relief.  In order for *Colorado River* to be invoked, the state and federal cases must 'involve substantially the same parties and substantially the same issues.'"  *Id.* (citing *Ambrosia Coal*, 368 F.3d at 1329, 1330).

Upon consideration, the Court is satisfied that this matter and the state court consolidated class action are parallel, in that they involve substantially the same parties and substantially the same issues.  As Defendant argues, although Plaintiffs here are not named parties in the state court actions, both this matter and the state court actions are putative class actions with substantially similar class definitions, both this case and the state court actions raise substantially similar claims based on the same September 6, 2022 breach of Defendant's data servers, and both matters include the same named Defendant.  *See* Doc. Nos. 8, 16-3.  And it appears that Plaintiffs would be members of the putative state court class, and the state court putative class members would be members of the class here.  *See* Doc. No. 16, at 6–7 (citing *Lake v. Neal*, No. 07 C 2742, 2007 WL 9815907, at *2 (N.D. Ill.

Oct. 30, 2007) (finding state and federal matters parallel even though class actions were brought by different named plaintiffs because the proposed classes were identical, and the plaintiff in the federal matter would necessarily be a member of the putative state court class)).

Admittedly, this matter does include two claims not raised in the state court consolidated complaint, which includes a federal claim under the Stored Communications Act. Doc. No. 8. However, the Court does not find this dispositive of the parallel inquiry, given that the two operative complaints arise from the same data breach, and seek the same relief. *See, e.g.*, *Carden v. Town of Harpersville*, No. 2:15-CV-01381-RDP, 2016 WL 4493059, at *9 (N.D. Ala. Aug. 26, 2016) (finding federal and state class actions parallel despite disparity in claims where the underlying facts concerning the two cases were substantially similar and arose from the same alleged wrongful conduct by the same parties). Moreover, as discussed below, the Court does not find that consideration of the *Colorado River* factors warrants abstention, and thus, at minimum, the Court presumes for purposes of the present dispute that this case and the state court matters are parallel. *See Ambrosia Coal*, 368 F.3d at 1331 (presuming for purposes of *Colorado River* analysis that a federal and state case were substantially similar even though the federal case raised additional federal claims).[4]

---

[4] Plaintiffs cite *Vacation Break, U.S.A., Inc. v. Marketing. Response Group & Laser Co.*,

B.     *Colorado River* Factors.

As discussed above, in considering the *Colorado River* factors, no one factor is dispositive.  *See Ambrosia Coal,* 368 F.3d at 1332.  However, the Court's "analysis as a whole should be 'heavily weighted in favor of the exercise of jurisdiction.'" *Baker v. Warner/Chappell Music, Inc.*, 759 F. App'x 760, 763 (11th Cir. 2018) (quoting *Moses H. Cone*, 460 U.S. at 16).[5]  *See also Colorado River*, 424 U.S. at 813 ("Abstention from the exercise of federal jurisdiction is the exception, not the rule.").

1.     *Jurisdiction Over Property and Inconvenience of Federal Forum.*

Defendant concedes that the first two *Colorado River* factors do not favor abstention.  Doc. No. 16, at 9 n.2.  Indeed, neither this case nor the consolidated state court class action are in rem proceedings.  *See Ambrosia Coal,* 368 F.3d at 1332 ("Because the relevant cases are not proceedings in rem, neither court has jurisdiction over property, and the first *Colorado River* factor does not favor abstention."); *Noonan S., Inc. v. Volusia Cty.*, 841 F.2d 380, 382 (11th Cir. 1988) ("The

---

28 F. Supp. 2d 651, 653 (M.D. Fla. 1998), to support the argument that the matters are not parallel given the presence of a federal claim in this case.  Doc. No. 19, at 11.  However, in *Vacation Break*, the court considered the presence of federal law issues in conjunction with the *Colorado River* factor of whether federal or state law would be applied.  28 F. Supp. 2d at 653.  Likewise, in *Ambrosia Coal*, the court considered the presence of federal law claims with regard to the fifth *Colorado River* factor.  *See* 368 F.3d at 1334.  So, this issue is addressed *infra* in conjunction with the *Colorado River* factors.

[5] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

first factor is inapplicable, as neither court has assumed jurisdiction over any property."). Nor does the second factor—inconvenience of the federal forum—favor abstention. *See Noonan S.*, 841 F.2d at 382 ("This action was pending in Orlando, which is but fifty miles from Daytona Beach, the site of Volusia County's state court action. Any inconvenience associated with litigating in federal court would thus be negligible.").

        2.    *Piecemeal Litigation.*

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Hendricks v. Mortg. Elec. Registration Sys., Inc. (MERS)*, No. 8:12-cv-2801-T-30TGW, 2013 WL 1279035, at *4 (M.D. Fla. Mar. 28, 2013) (quoting *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011)). "Run of the mill piecemeal litigation will not do: this factor 'does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious.'" *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1142 (11th Cir. 2013) (quoting *Ambrosia Coal*, 368 F.3d at 1333). Nor does this factor favor abstention when litigation is "inevitably piecemeal." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984)).

Here, Defendant argues that because the state court litigation is duplicative of the claims raised in this case, allowing litigation to proceed in this Court will be

unduly excessive, and specifically because both matters are putative class actions, "potential for inefficiency is acute." Doc. No. 16, at 9–10. Plaintiffs disagree, arguing that any potential for inconsistent rulings can be obviated through application of *res judicata*. Doc. No. 19, at 16.

There will inevitably be overlap between the state and federal court proceedings should they proceed concurrently. But although there will be some overlap, Defendant has not demonstrated that such overlap will be "abnormally excessive or deleterious." *See Carden*, 2016 WL 4493059, at *11 (quoting *Jackson-Platts*, 727 F.3d at 1142). *See also Ambrosia Coal*, 368 F.3d at 1333 ("Although the dual proceedings in this instance will likely result in some unremarkable repetition of efforts and possibly some piece-by-piece decision-making, there is no indication that piecemeal litigation poses any greater waste or danger here than it does in the vast majority federal cases with concurrent state counterparts."). Accordingly, the Court finds that this factor is neutral, or only slightly weighs in favor of abstention. *See also Am. Bankers Ins.*, 891 F.2d at 886 ("If it were simply a question of judicial economy, this litigation probably should proceed in the New York court. A federal court cannot properly decline to exercise its statutory jurisdiction, however, simply because judicial economy might be served by deferring to a state court."); *Deluca v. GPB Auto. Portfolio, LP*, No. 19-CV-10498 (LAK), 2020 WL 7343788, at *9 (S.D.N.Y. Dec. 14, 2020) (denying *Colorado River* stay and finding piecemeal litigation factor

neutral where the state court class action was in its early stages, a final judgment from the state court was "not likely to come for some time," and even if the state court did issue a final judgment relating to claims or issues in the federal litigation, the court could give such judgment preclusive effect).[6]

        3.     *Order in Which the Court Assumed Jurisdiction.*

"Despite the manner in which the Supreme Court initially phrased this factor, it does not turn on which complaint was filed first. Instead, it is measured 'in terms of how much progress has been made in the two actions.'" *Noonan S.*, 841 F.2d at 382 (quoting *Moses H. Cone,* 460 U.S. at 21).

Upon consideration, this factor does not weigh in favor of abstention. Besides arguing that the state court cases were filed first, Defendant provides no argument to suggest otherwise. Doc. No. 16, at 10–11.

---

[6] Defendant relies on *Rambaran v. Park Square Enterprises, Inc.*, No. 6:08-cv-247-Orl-19GJK, 2008 WL 4371356 (M.D. Fla. Sept. 22, 2008), and the cases cited therein, for the proposition that because both this matter and the state court matters are class actions, piecemeal litigation exists. Doc. No. 16, at 9–10. To the extent that Defendant suggests that the *Rambaran* decision can be read to conclude that dual putative class actions in state and federal court alone warrant a finding that *Colorado River* is satisfied, the Court does not find that argument persuasive. *Cf. Deluca*, 2020 WL 7343788 (denying stay under *Colorado River* despite finding federal and state class actions parallel); *Carden*, 2016 WL 4493059 (same); *Racz v. Mayo Clinic*, No. 21CV01132ECTJFD, 2021 WL 5042102, at *2 (D. Minn. Oct. 29, 2021) (denying stay under *Colorado River* where "it would make little pragmatic sense to put [the plaintiff's] claims on hold here to account for the possibility of a mandatory class being certified in state court several months from now. Better to address that situation if and when it arises."). Moreover, the Court notes that *Rambaran* is distinguishable in that the claims raised in both the federal and state matter were identical, and the cases involved some of the same plaintiffs, neither of which circumstances is present here.

As discussed above, this matter was filed on February 16, 2023, although originally filed in the Southern District of Florida on January 31, 2023. Doc. Nos. 1, 16-1. Plaintiffs filed an amended complaint on March 3, 2023, to which Defendant has yet to respond. Doc. No. 8. The state court matters were filed on January 5, 2023 and January 20, 2023, and the consolidated class action amended complaint was filed on May 16, 2023. Doc. Nos. 16-2, 16-3. It does not appear that Defendant has responded to that complaint yet either. Thus, both this case and the state court consolidated action are in the pleading stages, no scheduling orders have issued, and neither has substantially progressed beyond the other. Accordingly, this factor does not weigh in favor of abstention. *See Noonan S.*, 841 F.2d at 382 (finding this factor did not weigh in favor of dismissal where the "state court action is no further along than is this case"); *Am. Bankers Ins.*, 891 F.2d at 885–86 ("No significant progress has been made in either action. There has been no discovery, and no substantive motions have been filed in either action. The fact that Arlen has answered in the New York action while First State had not answered in this federal action counts little in measuring progress in litigation. This factor, therefore, does not weigh in favor of dismissal.").

    4. *Whether State or Federal Law Applies.*

The amended complaint in this case contains several of the same claims being litigated in the state court consolidated action. *Compare* Doc. No. 8, *with* Doc. No.

16-3. However, the amended complaint here contains two claims that the state court consolidated action does not—unjust enrichment and violation of the Stored Communications Act. Doc. No. 8. Given that the amended complaint here raises a federal claim not at issue in the state court matter, this factor also does not weigh in favor of abstention. *See Moses H. Cone*, 460 U.S. at 26 ("[T]he presence of federal-law issues must always be a major consideration weighing against surrender."); *Ambrosia Coal*, 368 F.3d at 1334 ("Since Ambrosia has asserted RICO claims, we must assume at present that this case travels on both state and federal law. Significantly, the district court did not find that this action involves complex questions of state law that a state court might be best suited to resolve. Thus, no aspect of this case appears to render the presence of state law, alongside federal claims, an arrow in the defendants' abstention quiver."). *See also Noonan S.*, 841 F.2d at 382 (explaining that the application of Florida law alone in a federal diversity case did not favor *Colorado River* abstention where no "complex questions of state law" were at issue).

     5.    *Adequacy of the State Court to Protect the Parties' Rights.*

"The fact that both forums are adequate to protect the parties' rights merely renders this factor neutral." *Noonan S.*, 841 F.2d at 383. *See also Ambrosia Coal*, 368 F.3d at 1334 ("This factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights."). Defendant does not argue that the federal forum is inadequate to protect the rights of the parties, instead it

simply argues that the state court is "best suited," and thus the final factor is neutral and does not weigh in favor of abstention. *See* Doc. No. 16, at 12.

      6.      *Vexatious or Reactive Nature of the Litigation.*

The Court must also consider "the vexatious or reactive nature of either the federal or the state litigation." *See Ambrosia Coal*, 368 F.3d at 1331. Defendant contends that Plaintiffs included the Stored Communications Act claim in their complaint here "for the sole purpose of satisfying this Court's jurisdiction requirement and preventing [Defendant] from moving to consolidate Plaintiffs' claims along with the Consolidated State Court Actions." Doc. No. 16, at 12. Defendant says that should the Court deny its request for abstention under *Colorado River*, it will file a motion to dismiss the Stored Communications Act claim and the remainder of the claims for lack of jurisdiction. *Id.* at 12, n.4. So, Defendant claims that this case is vexatious or reactive because but for the "manufactured" Stored Communications Act claim, this matter belongs in state court. *Id.* at 12–13. Plaintiffs, of course, disagree. Doc. No. 19, at 19–20.

Based on the facts and procedural history before this Court, Defendant has not established that this matter is vexatious or reactive. Indeed, this case was filed on February 16, 2023, a little more than a month after the first state court case and less than a month after the second. And notably, the amended complaint in this case preceded the consolidated amended class action complaint filed in state court.

*See* Doc. Nos. 8, 16-2, 16-3.   As Plaintiffs argue, this matter was not filed in response to any prejudicial ruling in state court.   *See* Doc. No. 19, at 19–20.   And, as Plaintiffs argue, Defendant's contentions really go to the merits of the amended complaint, which Defendant is free to challenge by way of motion to dismiss.   *See id.*

Absent anything further from Defendant demonstrating that this case is vexatious or reactive, the Court does not find that it weighs in favor of abstention. *Cf. SOS Furniture Co., Inc. v. Salem*, No. 6:18-cv-898-Orl-37KRS, 2019 WL 279887, at *10 (M.D. Fla. Jan. 22, 2019) (finding that suit was not merely reactive or vexatious, stating: "[t]here is no indication that this suit was filed in response to the State Court Action or that it follows an adverse ruling in state court"); *Clay v. AIG Aerospace Ins. Servs.*, Inc., 61 F. Supp. 3d 1255, 1265 (M.D. Fla. 2014) (disagreeing that suit was merely reactive or vexatious because "[i]t is not the case that Plaintiffs have filed this lawsuit after an unfavorable disposition of a claim on its merits or continue to file lawsuit after lawsuit against Defendants in numerous different forums").

In sum, on balance of all of the factors, abstention under *Colorado River* is not warranted.[7]   Thus, the Court will deny the request for a stay, but the Court will

---

[7] Plaintiffs also argue that the requested stay would be immoderate and indefinite. Doc. No. 19, at 5–7.   The Court need not reach this issue given the finding that the *Colorado River* factors do not weigh in favor of abstention.

grant Defendant's alternative request for an extension of time to file a responsive pleading. Doc. No. 16, at 13. *See also* Fed. R. Civ. P. 6(b)(1)(a).

## IV. CONCLUSION.

For the reasons discussed herein, Defendant's Motion to Stay Proceedings or, in the Alternative, for Extension of Time to File Responsive Pleading (Doc. No. 16) is **GRANTED in part and DENIED in part**. To the extent that Defendant requests a stay of this matter pursuant to the principles set forth in *Colorado River*, the Motion (Doc. No. 16) is **DENIED.** The alternative request for an extension of time to file a responsive pleading is **GRANTED**. The deadline for Defendant to answer or otherwise respond to the amended complaint (Doc. No. 8) is extended up to and including **July 13, 2023**.

**DONE** and **ORDERED** in Orlando, Florida on June 22, 2023.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy